NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-1770

UNITED STATES OF AMERICA

v.

CKARON MERCEL HANDY,

Appellant

On appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 12-cr-00184-001)
District Judge: Hon. Paul S. Diamond

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2013

BEFORE: McKEE, *Chief Circuit Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Opinion Filed: June 5, 2014)

OPINION OF THE COURT

McKee, *Chief Judge*

    Ckaron Handy appeals the district court's judgment of sentence, arguing that his

right to allocution was violated, and that the district court erred in not appointing new

counsel at the sentencing proceeding. For the reasons that follow, we will affirm the district court.[1]

As we write only for the parties who are familiar with the facts and procedural history of this case, we need not reiterate them.

**I.**

Handy first contends that the district court did not honor his right of allocution. He bases this on, what he describes as, the district court's "[quick] and [repeated]" interruptions of his attempted allocution. Inasmuch as there was no objection at sentencing, we review this claim for plain error. *See United States v. Adams*, 252 F.3d 276, 278 (3d Cir. 2001).

Although "not a right guaranteed by the Constitution," FED. R. CRIM. P. 32 affords all defendants the right to allocute on their own behalf. *United States v. Ward*, 732 F.3d 175, 181 (3d Cir. 2013). The right is "deeply rooted in our legal tradition," as it predates the founding of our Republic. *Id.* at 180-81 (citing *Adams*, 252 F.3d at 282). Pursuant to Rule 32, the sentencing court must address the defendant personally and permit the defendant to speak or present any information in mitigation of the sentence. FED. R. CRIM. P. 32(i)(4)(A)(ii). Here, the district court did both.

---

[1] The district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Handy does not argue that the district court failed to address him personally. Nor could he.[2] Rather, Handy argues that the right was violated because the district court "quickly and repeatedly interrupted" him. His argument is based on *United States v. Li*, 115 F.3d 125, 133 (2d Cir. 1997) (holding that the "sentencing judge's repeated interruptions . . . created an atmosphere that obviously rendered it difficult for [the defendant] to present an effective and potentially persuasive allocution" and thus warranted reversal). However, that case is easily distinguished.

Here, unlike in *Li*, the district court did not arbitrarily cut off or interrupt Handy. Rather, the court occasionally asked him to clarify some of his statements.[3] Not only did the court not prevent Handy from speaking, the court twice asked Handy if he wanted to present anything further. He stated that he didn't.

Nor is there anything to suggest that Handy felt "intimidated" or "confused." *See Li*, 115 F.3d at 133. In fact, prior to the interruption, Handy made was able to express all the points he now raises on appeal, albeit in a slightly different form.

**II.**

---

[2] "THE COURT: Mr. Handy, you have the right to allocution. That means you have the right to speak to me in your own behalf and you may do so now, if you choose to [] exercise that right."

[3] For example, when Handy stated, "I feel as though he hasn't represented me right the whole time []," the Court responded, "[Defense Counsel]?" The district court then asked for clarification as to what Handy's attorney failed to do.

Handy also asserts that the district court erred in conducting only a "barebones inquiry" into his dissatisfaction with his counsel and thereby violated his Sixth Amendment right to counsel. We review such challenges for an abuse of discretion. *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995). It is difficult from Appellant's Brief to determine if he is raising a Sixth Amendment issue of ineffectiveness, or a Sixth Amendment issue of denial of counsel because the court did not appoint substitute counsel when Handy expressed his dissatisfaction with the attorney representing him at the sentencing.[4]

It is true that, in considering last minute substitutions of counsel, we require district courts to inquire into the reason for the defendant's dissatisfaction. *See Goldberg*, 67 F.3d at 1098. As we noted in *Welty*, however, such substitutions require a preliminary showing of "good cause." *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982). We define "good cause" as a "conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." *Id.*

Despite Handy's claims to the contrary, the record reveals that the district court adequately discharged its responsibility to inquire into Handy's dissatisfaction with counsel. The court asked Handy more than once to explain his dissatisfaction. When prompted about the underlying nature of his dissatisfaction, however, Handy provided no specific examples. In fact, it was only after the district court went so far as to suggest two

---

[4] To the extent that Handy is actually claiming that his trial counsel was ineffective for purposes of the guilty plea representation, the claim should be raised in a collateral proceeding, not on direct appeal. *See U.S. v. Frankenberry*, 696 F.2d 239 (3d Cir. 1982).

different examples of ineffective assistance that Handy provided an arguably responsive answer. However, Handy's response suggests no more than mere tactical differences. *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011) ("Thus, frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction."). This record does not support an argument that there was a "complete breakdown of communication" or some other "irreconcilable conflict" between Handy and his attorney.

Moreover, the district court made sure that Handy was provided an attorney for his appeal based upon his last-minute complaints. Although his original attorney was allowed to withdraw, the district court directed the clerk's office to file a notice of appeal on Handy's behalf and instructed the government to monitor the docket to ensure new counsel was appointed. Far from depriving Handy of his Sixth Amendment right to counsel, we find that Judge Diamond's handling of this sentencing was exemplary.

**III.**

Accordingly, we will affirm the judgment of the district court.